NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ROSS SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>    Defendants. | No. 24cv10269 (EP) (JRA)<br><br>**OPINION** |

**PADIN**, **District Judge.**

On November 4, 2024, *pro se* Plaintiff Kevin Ross Smith, a prisoner detained at FCI Fairton, filed a motion for a preliminary injunction and temporary restraining order ("TRO") without paying the filing fee. D.E. 1.[1]  Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, the Court may permit an indigent plaintiff to proceed *in forma pauperis* ("IFP").

The entire fee to be paid in advance of commencing any civil action is $405.  L. Civ. R. App'x K.  That fee includes a filing fee of $350 plus an administrative fee of $55, for a total of $405.  *Id.*  A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee and will not be required to pre-pay fees.  *Id.*  A prisoner who is denied IFP status must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the civil action will be filed.

---

[1] Plaintiff also filed a "motion to strike," which the Court construes as an amendment of Plaintiff's Motion.  D.E. 3.

A prisoner seeking to bring a civil action IFP must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his action. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.*

Plaintiff may not have known when he submitted this action that he must pay the filing fee, and that even if the filing fee has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (IFP actions); 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff did not pay the filing fee or submit an IFP application. Accordingly, the Court will direct the Clerk to send Plaintiff a blank IFP application for him to complete and return. Upon submission of an IFP application or payment of the filing fee, the Court will direct the Clerk to re-open the action.

The Court also briefly addresses Plaintiff's request for emergency relief. Under Federal Rule of Civil Procedure 65(b), the Court may issue a TRO without notice to the adverse parties or their attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A TRO "should be granted only in limited circumstances," *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (internal citation omitted), and only if (1) the Plaintiff is "likely to succeed on the merits of his claims," (2) "the denial of relief would result in irreparable harm," (3) "granting the injunction would not result in irreparable harm to the defendants," and (4) granting TRO is "in the public interest," *Hartmann v. Maybee-Freud*, 279 F. App'x 142, 144 (3d Cir. 2008).

Here, Plaintiff does not certify any efforts made to give notice to Defendants of the request for a TRO or provide any reasons why such notice should not be required as required by Federal Rule of Civil Procedure 65(b)(1)(B). The Court is unaware of circumstances present here that justify proceeding without notice to Defendants. Should the Court grant IFP status to Plaintiff or should Plaintiff pay the filing fee, the Court will consider Plaintiff's Motion seeking a preliminary injunction under Federal Rule of Civil Procedure 65(a) and will address this request "only on notice" to the Defendants. Fed. R. Civ. P. 65(a)(1). An appropriate Order accompanies this Opinion.

November 15, 2024

Evelyn Padin, U.S.D.J.

3